UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELVIN GENAO,

                Plaintiff,

-against-

BASILICA ST. PATRICK'S YOUTH CENTER,

                Defendant.

19-CV-4304 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action styled as a criminal complaint. By order dated June 21, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

    On June 5, 2019, the Court barred Plaintiff under 28 U.S.C. § 1651 from filing any new action *in forma pauperis* without first obtaining from the Court leave to file. *See Genao v. Saint Pauls Church, Church of St. Joseph of the Holy* Family, No. 19-CV-2704 (CM) (S.D.N.Y. June 5,

2019) (dismissing complaint for failure to state a claim and listing 21 similar cases Plaintiff had filed that were dismissed on the merits or for failure to comply with court orders).

Plaintiff filed this case before the June 5, 2019 bar order, but the case is similar to Plaintiff's prior and pending cases in that he seeks the criminal prosecution of the defendant. He appears to claim that the defendant violated criminal statutes, but he does not set forth any facts suggesting that the defendant had any interaction with Plaintiff.

In any event, Plaintiff cannot initiate an arrest or prosecution, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses the complaint for failure to state a claim.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 3, 2019
       New York, New York

                                      COLLEEN McMAHON
                              Chief United States District Judge